UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK CITY & VICINITY DISTRICT
COUNCIL OF CARPENTERS,

                            Petitioner,

-against-

TALICO CONTRACTING INC.,

                            Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/27/2021_

19 Civ. 4287 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner, New York City & Vicinity District Council of Carpenters ("District Council"), brings this petition pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), *as amended*, 29 U.S.C. § 185(c), to confirm an arbitration award (the "Award") against Respondent, Talico Contracting Inc. ("Talico"). Petition ("Pet."), ECF No. 1. Petitioner also seeks reasonable attorneys' fees and costs associated with the action and enforcement of the judgment, pre-judgment interest at the New York statutory rate of nine percent, and post-judgment interest. Pet. at 4. Respondent has not appeared in this action. For the reasons stated below, the petition is GRANTED, but the request for attorneys' fees and costs is DENIED.

## BACKGROUND

      Petitioner, District Council, is a labor organization. Pet. ¶ 1. Talico is an employer within the meaning of 29 U.S.C. § 152(2). *Id.* ¶ 2. Talico was bound by the Project Labor Agreement Covering Renovations & Rehabilitation of New York City Housing Authority Building/Structures (the "PLA") and a local agreement with the District Council that was incorporated by reference into the PLA for work performed on a project at the Walden Houses (the "Project."). 56.1 Stmt. ¶ 1, ECF No. 8-8; Opinion & Award at 2, ECF No. 1-1. The PLA provided for "final and binding arbitration of disputes that arise between the parties" and named

Richard Adelman (the "Arbitrator") as the arbitrator to hear such disputes. 56.1 Stmt. ¶ 2. Thereafter, a dispute arose between the parties pursuant to the agreements. *Id.* ¶ 4.

District Council initiated arbitration against Talico for breach of the PLA because Talico failed to make use of the union's job referral system and failed to permit District Council to designate a shop steward for work performed on the Project. *Id.*; Pet. ¶ 7. On May 14, 2018, an arbitration was conducted. 56.1 Stmt. ¶ 6. Talico failed to appear. *Id.* The Arbitrator issued an opinion and award, finding that Talico violated the PLA by failing to hire employees from the District Council's job referral service over four days. *Id.* ¶ 8. He also found that Talico should have hired five employees on each of those four days to perform bargaining unit work. *Id.* The Arbitrator ordered Talico to pay: (1) Franciszek Glowcyznski $1,998 in wages, less required statutory deductions and $1,493.12 to the District Council's Benefits Funds (the "Funds"); (2) Vernon Descartes $1,890 in wages, less required statutory deductions and $1,493.12 to the Funds; (3) Kristen Irving $1,890 in wages, less required statutory reductions and $1,492.12 to the Funds; (4) Matthew Ortiz $1,890 in wages, less required statutory deductions and $1,493.12 to the Funds; and (5) Jamar Williams a sum of $945 in wages, less required statutory deductions and $1,015.04 to the Funds. *Id.* ¶ 9; Opinion & Award at 3–4. The Arbitrator also ordered the parties to split the Arbitrator's fee of $1,400, with each party paying $700. 56.1 Stmt. ¶ 10; Opinion & Award at 4.

## DISCUSSION

I.  Legal Standard

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). An action to confirm an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair &*

*Co. v. Gottdiener*, 462 F.3d 95, 1010 (2d Cir. 2006) (quotation marks and citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quotation marks and citation omitted). "Under the LMRA, an arbitration award should be upheld as long as it 'draws its essence from the collective bargaining agreement.'" *Id.* at 405–06 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 594, 597 (1960)). Even if the court believes that the arbitrator "'committed serious error,'" the award should not be vacated so long as the arbitrator is "'even arguably construing or applying the contract and acting within the scope of his authority.'" *Id.* (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). However, "[w]here the arbitrator goes beyond that self-limiting agreement . . . [he] acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007) (citing 9 U.S.C. § 10(a)(4)).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Although Talico has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

   II.   <u>Analysis</u>

Petitioner argues that it is entitled to confirmation of the Award, and pre-judgment and post-judgment interest on the Award.  Pet. Mem. at 3–4, 6, ECF No. 8-9.  The Court agrees.  The Court does not find, however, that an award of reasonable attorneys' fees and costs is warranted.  *Id.* at 5.

      A.  Confirmation of the Award

Petitioner has carried its burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award.  It is uncontested that the dispute was subject to arbitration.  56.1 Stmt. ¶ 2.  Petitioner has established at least a "barely colorable justification," *Landy Michaels Realty Corp.*, 954 F.2d at 797, for the Award based on its allegations concerning Talico's actions.  *See* Pet. ¶¶ 5–7.  And after holding a hearing and reviewing evidence, the Arbitrator issued the Award.  *See* Opinion & Award at 3–4.  There is no

indication that the arbitrator acted arbitrarily or exceeded the scope of his authority in reaching this decision. Accordingly, the Award is CONFIRMED.

B. Pre-Judgment and Post-Judgment Interest

In addition, District Council requests pre-judgment interest accruing from February 19, 2019, at a rate of nine percent on all parts of the Award. Pet. Mem. at 1; 56.1 Stmt. ¶ 12. District Council also requests post-judgment interest. Pet. at 4; 56.1 Stmt. ¶ 12.

There is a "presumption in favor of prejudgment interest." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) (citation and quotation marks omitted). Courts in this Circuit routinely "grant interest at a rate of nine percent per annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004—from the time of the award to the date of judgment confirming the award." *Id*. District Council requests pre-judgment interest accruing from February 19, 2019. Pet. Mem. at 1. The Court finds, however, that pre-judgment interest from May 22, 2018, the date of the award, is appropriate here. *Serv. Emp. Int'l Union Local 32BJ v. Laro Serv. Sys., Inc.*, No. 9 Civ. 9089, 2010 WL 2473592, at *3 (S.D.N.Y. May 28, 2010) (granting "prejudgment interest at a rate of 9% from the date of [the] arbitration award"); *Serv. Emp. Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs.*, 326 F. Supp. 2d 550, 556 (S.D.N.Y. 2004) (granting "prejudgment interest at a rate of 9% per annum on the amounts due from the date of the award to the judgment"). Accordingly, District Council's request for

prejudgment interest is GRANTED, and shall be calculated from May 22, 2018, to the date of judgment.

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961 (footnote omitted).

Because the Court's confirmation of the Award is a money judgment in a civil case, District Council's request for post-judgment interest at the statutory rate is GRANTED.

### C. Attorneys' Fees and Costs

District Council's request for reasonable attorneys' fees and costs is denied. Courts in this circuit have held that, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be awarded." *New York Hotel & Motel Trades Council v. CF 43 Hotel, LLC*, No. 16 Civ. 5997, 2017 WL 2984168, at *4 (S.D.N.Y. June 14, 2017). In order to support a request for attorney's fees, however, petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. St. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Moreover, "the party seeking fees bears the burden of demonstrating that it requested fees are reasonable." *Rong De Inv. Ltd. v. GFS Inves., Inc.*, No. 17 Civ. 5941, 2019 WL 5682894, at *1 (S.D.N.Y. Nov. 1, 2019) (internal quotation marks omitted). In this case, District Council has not specified the amount sought. Nor has it provided the Court with

the requisite documentation to support its claim.  Accordingly, District Council's request for attorneys' fees and costs is DENIED.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. Petitioner's request for reasonable attorneys' fees and costs is DENIED.  The Clerk of Court is directed to enter judgment against Respondent Talico Contracting Inc., in the total amount of $16,300.52, including (1) $8,613 on behalf of the named carpenters; (2) $6,987.52 in benefit fund contributions on behalf of the named carpenters; (3) $700 to District Council to cover Talico's half of the Arbitrator's fee, in addition to (4) pre-judgment interest at a rate of nine percent from May 22, 2018 to the date of judgment; and (5) post-judgment interest at the statutory rate.

The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: September 27, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge